**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| TAMARA S. BATES | ) | CASE NO. |
| 405 Hufford Street | ) | |
| South Lebanon, OH 45065 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| ANTHEM INSURANCE COMPANIES, | ) | |
| INC. | ) | **JURY DEMAND ENDORSED** |
| d/b/a Anthem Blue Cross Blue Shield | ) | **HEREIN** |
| 4061 Irwin Simpson Rd. | ) | |
| Mason, OH 45040 | ) | |
| | ) | |
| **Serve Also:** | ) | |
| c/o Anthem Insurance Companies, | ) | |
| Inc., Statutory Agent | ) | |
| 120 Monument Circle | ) | |
| Indianapolis, IN 46204 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tamara S. Bates, by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

**PARTIES**

1. Bates is a resident of the village of South Lebanon, Warren County, state of Ohio.

2. Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross Blue Shield
   ("Anthem"), is a corporation that conducts business throughout Ohio, though a substantial
   part of the events or omissions giving rise to Plaintiff's claims occurred at Anthem's
   location at 4061 Irwin Simpson Rd., Mason, OH 45040.



3.  At all times referenced herein, Anthem was Bates' employer within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S. Code § 12101, *et seq.*, and/or Ohio R.C. §4112.01(A)(2).

## JURISDICTION & VENUE

4.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Bates is alleging a Federal Law Claim under the ADA and the Family and Medical Leave Act ("FMLA"), 29 U.S. Code § 2601, *et seq*.

5.  This Court has supplemental jurisdiction over Bates' state law claims pursuant to 28 U.S.C. § 1367, as Bates' state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.  Within 180 days of the conduct alleged below, Bates dual filed a Charge of Discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC", Charge No. 473-2018-00368) against Anthem ("EEOC Charge").

8.  On or about May 3, 2018, the EEOC issued and mailed a Dismissal and Notice of Rights letter to Bates regarding the EEOC Charge.

9.  Bates received her Dismissal and Notice of Rights from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

10. Bates has filed this Complaint on or before the 90-day deadline set forth in her Dismissal and Notice of Rights.

11. Bates has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).



## <u>FACTS</u>

12. Bates is a former employee of Anthem.

13. Bates worked for Anthem, most recently as a Behavioral Health UMR II Representative, from November 10, 2008, until Anthem unlawfully terminated Tamara on or about July 21, 2017.

14. Bates had an exemplary employment record with no history of discipline in the time that she worked for Anthem. Indeed, Bates was capable of and qualified to perform the essential functions of her job, with or without a reasonable accommodation.

15. In the six months leading up to her termination, Bates experienced some personal health issues, which required her to take approved FMLA leave.

16. Due to her personal health issues, Bates was disabled within the meaning of the ADA and/or R.C. § 4112.01.

17. In the alternative, Anthem perceived Bates as disabled due to her personal health issues.

18. On or about November 22, 2016, Bates took FMLA leave to undergo surgery. Due to an infection from her surgery, Bates spent six days in the intensive care unit, where her surgical complications nearly killed her.

19. Recovering from her surgery and subsequent complications, Bates remained on FMLA leave until January 2016, at which time she returned to work part-time.

20. Then, on or about May 22, 2017, Bates underwent another surgery, this time to repair a bulging disc in her back. Accordingly, Bates was on FMLA leave until July 3, 2017, when she went back to work full-time.

The Employee's Attorney.™



21. Justin Parcell stepped in as Bates' manager sometime in July 2016. However, shortly after Parcell was promoted – and for much of the year that he was Bates' manager prior to her termination – Bates was on FMLA leave.

22. In other words, the only thing Parcell really knew about Bates was that she was battling personal health issues.

23. Accordingly, Parcell perceived Bates as being disabled, and no longer cared to deal with a disabled employee who took so much FMLA leave.

24. On July 20, 2017 – only two weeks after her return from FMLA leave – Parcell called Bates. He had an HR representative on the phone with him, and proceeded to reprimand Bates for a purported customer complaint that was made against her 10 days prior.

25. According to Parcell, Bates allegedly put the customer on hold, left him there for a long time, then came back on the phone and yelled at the customer. This was untrue, and when Bates asked Parcell to see a copy of the customer's complaint – which had supposedly been sent to Anthem via email – Parcell refused. When pressed for further details about this alleged incident, Parcell was unable to provide any.

26. During the discussion with Bates and HR, Parcell also accused Bates of transferring customer calls back to the call queue in order to avoid handling the calls herself. Again, this was untrue. Bates acknowledged she transferred customer calls to the customer service number whenever it involved benefit questions – which was what Bates had been trained to do – but denied avoiding calls or pushing them off on other UMR representatives.

27. Following the call, Bates emailed HR to ask some follow-up questions regarding the alleged complaints against her. HR never responded.

The Employee's Attorney.™



28. The next day, July 21, 2017, Parcell again called Bates with an HR representative on the phone, but this time, he terminated her employment.

29. Neither Parcell nor HR could provide Bates a legitimate business reason for her termination.

30. Further, Anthem has a progressive discipline policy, which allows for up to seven occurrences before termination; Bates had <u>zero</u> occurrences before Anthem terminated her.

31. Indeed, in nearly a decade of working for Anthem, Bates had never received a single written warning.

32. Aside from her approved, legally protected FMLA leave, Bates had an impeccable attendance record and performance history, yet Anthem chose to circumvent its own discipline policy and terminate Bates' employment without warning and without cause.

33. Bates' termination was an adverse employment action by Anthem.

34. Bates was discriminated against due to her actual or perceived disability and/or for taking approved medical leave under the FMLA.

35. Bates was actually terminated due to her actual or perceived disability, and/or in retaliation for taking approved medical leave under the FMLA.

36. There was a causal connection between Bates' protected class (disability) and her taking FMLA leave and Anthem's adverse actions taken against Bates.

37. Anthem did not proffer any legitimate non-discriminatory reason for terminating Bates' employment.

38. Anthem's purported reason for Bates' termination was merely pretext for discrimination and retaliation.



39. As a result of being treated disparately on the basis of her disability during her employment at Anthem, and being wrongfully terminated from Anthem, Bates has suffered severe emotional distress, anxiety, and depression. She has had and continues to accrue damages based thereupon.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

40. Bates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

41. Due to her health issues, surgeries and complications therefrom outlined above, Bates was disabled within the meaning of the ADA.

42. Anthem was aware Bates was disabled under the ADA.

43. In the alternative, due to Bates' disabilities, Anthem perceived Bates as disabled under the ADA.

44. Bates' disabilities substantially impaired one or more major life activities under the ADA.

45. Despite her disabling conditions, Bates was still able to perform the essential functions of her job, with or without a reasonable accommodation.

46. Bates requested reasonable accommodations, but Anthem denied Bates' requests, refused to provide reasonable accommodations, and/or interfered with Bates' rights to take medical leave for her disabling conditions.

47. The ADA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

48. Anthem terminated Bates' employment due to her actual or perceived disabilities.

49. Anthem violated the ADA by terminating Bates because of her actual and/or perceived disabilities.



50. As a direct and proximate cause of Anthem's conduct, Bates has suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112, ET SEQ.

51. Bates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. Due to her health issues, surgeries and complications therefrom outlined above, Bates was disabled within the meaning of Ohio R.C. § 4112.02.

53. Anthem was aware Bates was disabled under R.C. § 4112.02.

54. In the alternative, due to Bates' disabilities, Anthem perceived Bates as disabled under R.C. § 4112.02.

55. Bates' disabilities substantially impaired one or more major life activities.

56. Despite her disabling conditions, Bates was still able to perform the essential functions of her job, with or without a reasonable accommodation.

57. Bates requested reasonable accommodations, but Anthem denied Bates' requests, refused to provide reasonable accommodations, and/or interfered with Bates' rights to take medical leave for her disabling conditions.

58. Ohio R.C. § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

59. Anthem violated R.C. § 4112.02(A) by terminating Bates' employment because of her actual and/or perceived disabilities.

60. As a direct and proximate cause of the Anthem's conduct, Bates has suffered and will continue to suffer damages.

The Employee's Attorney.™



## COUNT III: WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION

61. Bates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. On or about July 21, 2017, Anthem terminated Bates' employment without just cause.

63. Anthem terminated Bates' employment based on her actual or perceived disabilities.

64. Anthem violated the ADA and/or R.C. §4112.02 when they discharged Bates based on her actual or perceived disabilities.

65. As a direct and proximate result of Anthem's conduct, Bates suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: FMLA RETALIATION

66. Bates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Due to her health issues, surgeries and complications therefrom outlined above, Bates applied for and received medical leave under the FMLA.

68. Bates worked at least twelve months with Anthem prior to her request for leave.

69. Bates worked at least 1,250 hours prior in the immediately preceding twelve months prior to her request for leave from Anthem.

70. Bates was eligible for FMLA leave.

71. After Bates took approved medical leave under the FMLA, Anthem retaliated against her.

72. Anthem retaliated against Bates by targeting her for termination.

73. Anthem retaliated against Bates by applying their employment policies in a disparate manner based on whether an employee had used or requested to use FMLA leave.

The Employee's Attorney.™



74. Anthem retaliated against Bates by applying their disciplinary policies in a disparate manner based on whether an employee had used or requested to use FMLA leave.

75. Anthem retaliated against Bates by terminating Bates' employment.

76. Anthem willfully retaliated against Bates in violation of U.S.C. § 2615(a).

77. As a direct and proximate result of Anthem's wrongful conduct, Bates is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

78. As a direct and proximate result of Anthem's conduct, Bates suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79. Bates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. As set forth above, Anthem targeted, harassed, bullied, embarrassed, and ultimately discharged Bates based on her actual or perceived disabilities, and/or in retaliation for taking medical leave under the FMLA. Indeed, Anthem circumvented its own policies and procedures in order to terminate Bates, despite nearly a decade of strong performance and no history of attendance, performance, or discipline issues. Further, Anthem waited until Bates returned from FMLA leave and then concocted an excuse about a purported customer complaint in order to terminate Bates' employment.

81. Anthem intended to cause Bates emotional distress, or knew that their acts or omissions would result in serious emotional distress to Bates.

The Employee's Attorney.™



82. Anthem's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

83. As a direct and proximate result of Anthem's acts and omissions as set forth above, Bates has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

84. As a direct and proximate result of Anthem's conduct and the resulting emotional distress, Bates has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Bates demands from Anthem the following:

a) Issue a permanent injunction:

    i.   Requiring Anthem to abolish discrimination, harassment, and retaliation;

    ii.   Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii.   Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.   Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

The Employee's Attorney.™



      v.     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Anthem for compensatory and monetary damages to compensate Bates for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Anthem in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Bates' claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Matthew G. Bruce*
Matthew Bruce (0083769)
     Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (513) 883-1147
Fax:    (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com

*Attorneys for Plaintiff Tamara S. Bates*



## **JURY DEMAND**

Plaintiff Tamara S. Bates demands a trial by jury by the maximum number of jurors permitted.

*/s/ Matthew G. Bruce*_____
Matthew Bruce (0083769)

The Employee's Attorney.™

